UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EBERAIA D. FIELDS,

    Plaintiff,

    v.                                        CAUSE NO. 3:23-CV-314-DRL-MGG

BRAD MILLER,

    Defendant.

## OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a complaint alleging Police Officer Brad Miller defamed him. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Fields alleges Officer Miller caused him emotional distress by releasing false information to the media on April 7, 2021. He alleges Officer Miller knew the police reports were false when he gave them to the media with Mr. Fields' photo. He alleges he was defamed and embarrassed when the local newspaper printed the story.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). This complaint alleges Officer Miller acted under color of state law, but defamation does not state a claim because an "interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

July 12, 2023                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court